MOORE, Chief Justice
(concurring in part and dissenting in part).
I concur in the holding of the main opinion that the trial court’s order compelling arbitration of the underlying dispute is due to be reversed. However, I respectfully dissent from the remand instruction that' the trial court “conduct a jury trial to determine whether Dannelly [Enterprises, LLC (‘Dannelly’),] and [Palm Beach Grading, Inc. (‘PBG’),] entered into PBG’s standard subcontract agreement.” 200 So.3d at 1170. As I have written before, I believe that predispute arbitration agreements are unenforceable under the Seventh Amendment to the United States Constitution. See American Bankers Ins. Co. of Fla. v. Tellis, 192 So.3d 386 (Ala.2015) (Moore, C.J., dissenting); see also Selma Med. Ctr., Inc. v. Fontenot, 824 So.2d 668, 676 (Ala.2001) (Moore, C.J., dissenting) (explaining how the courts have erroneously interpreted the Federal Arbitration Act). Thus, even if Dannelly and PBG entered into PBG’s standard subcontract agreement, I would hold that the predispute arbitration provision would be unenforceable under the Seventh Amendment, Therefore, I believe that the trial court’s order compelling arbitration is due to be reversed and the case remanded to proceed to trial on PBG’s third-party claims against Dannelly.